**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| Hangzhou Yanhan Intelligent Technology Co., Ltd. and Guizhou Jinmao Trading Co., Ltd., <br><br> *Plaintiffs*, <br><br> v. <br><br> Bryan Richards, <br><br> *Defendant*. | Case No. 2:25-cv- 2171 <br><br> **Complaint For Declaratory Judgment** <br><br> **Jury Trial Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiffs Hangzhou Yanhan Intelligent Technology Co., Ltd. ("Yanhan") and Guizhou Jinmao Trading Co., Ltd., d/b/a NEZHEIZERY ("NEZHEIZERY") (collectively, "Plaintiffs"), against Defendant Bryan Richards ("Defendant"), seeking a declaration that Plaintiffs' Christmas tree stand products, identified herein as the "Accused Products", do not directly or indirectly infringe U.S. Patent No. 11,744,392 B1 ("the '392 Patent"), either literally or under the doctrine of equivalents, and/or that the '392 Patent is invalid. Upon actual knowledge with respect to themselves and their acts, and upon information and belief as to all other matters, Plaintiffs allege as follows:

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

**NATURE OF THE ACTION**

1. This action seeks Declaratory Judgment of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiffs, as the Accused Products are removed from Amazon through enforcement of the '392 Patent.

2. Plaintiffs further seek a declaratory judgment that one or more claims of the '392 Patent are invalid under at least 35 U.S.C. §§ 102, 103, and/or 112.

**PARTIES**

3. Plaintiff Hangzhou Yanhan Intelligent Technology Co., Ltd. ("Yanhan") is a company organized under the laws of the People's Republic of China with its principal place of business in Hangzhou, Zhejiang Province. Yanhan is the manufacturer and supplier of the Christmas tree stand products at issue.

4. Plaintiff Guizhou Jinmao Trading Co., Ltd., doing business as NEZHEIZERY, is a company organized under the laws of the People's Republic of China with its principal place of business in Guizhou Province. NEZHEIZERY operates an Amazon storefront under the name "NEZHEIZERY," Seller ID A2QJL224MBE7JE, through which it sells the Christmas tree stand products sourced from Yanhan to customers in the United States.

5. Yanhan manufactures the Accused Products and supplies them to authorized resellers, including but not limited to NEZHEIZERY. This Complaint seeks declaratory relief as to the Accused Products themselves, irrespective of sales channel, listing, ASIN, SKU, or storefront in the United States.

6. Upon information and belief, Defendant Bryan Richards is an individual residing at 1507 Heartwood Dr. Lawrenceville, GA, 30043.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

8. An actual case or controversy exists between the parties to this action. Defendant has accused NEZHEIZERY's Amazon listings of infringing the '392 Patent and submitted patent infringement complaint to Amazon alleging that NEZHEIZERY's listings infringe the '392 Patent, which caused Amazon to remove NEZHEIZERY's product listings, including ASINs B0FM3CNZBM and B0FM3CRDWR. These actions have caused, and continue to cause, concrete injury traceable to Defendant and redressable by this Court, thereby giving rise to an actual controversy under 28 U.S.C. § 2201 et seq.

9. This Court has personal jurisdiction over Defendant in this action at least because Defendant purposefully directed his patent-enforcement activities into this District, including by transmitting enforcement communications to Amazon personnel located in Seattle, Washington, with the foreseeable and intended effect of removing NEZHEIZERY 's product listings and disrupting Plaintiffs' sales in this District. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Each claim presented herein arises from Defendant's actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

10. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

**THE FACTUAL BACKGROUND**

11. Plaintiffs design, source, and sell Christmas tree stand products on Amazon.com and other ecommerce channels. Plaintiffs have invested substantial resources in developing their listings, inventory, and customer relationships.

12. On or about October 22, 2025, Amazon notified Plaintiff NEZHEIZERY that Defendant Bryan Richards had submitted a patent infringement complaint, alleging that two of NEZHEIZERY's listings, including ASINs B0FM3CNZBM and B0FM3CRDWR, infringed the '392 Patent. *See* Exhibit B.

13. As a result of Defendant's complaint, Amazon removed and delisted those two product listings from the NEZHEIZERY storefront, effectively blocking Plaintiffs' primary U.S. sales channel for the Accused Products. *Id*.

14. Plaintiffs deny that the Accused Products infringe any valid and enforceable claim of the '392 Patent and dispute Defendant's accusations. Plaintiffs further contend that one or more claims of the '392 Patent are invalid and/or unenforceable.

15. Defendant's report and Amazon's removal have created immediate and concrete harm to Plaintiffs, including loss of sales, damage to goodwill, disruption of inventory planning, and ongoing business uncertainty.

16. The Amazon marketplace constitutes Plaintiffs' primary sales channel in the United States. To remain competitive in the United States market for the Accused Products, Plaintiffs must maintain their product listings on Amazon. Defendant's action resulted in the removal and delisting of Plaintiffs' listings, thereby cutting off access to Plaintiffs' most significant channel of trade. As a result, Defendant's enforcement activities of the '392 Patent via Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiffs.

17. Plaintiffs seek declaratory relief as to the Accused Products themselves, regardless of the particular Amazon listing, ASIN, SKU, storefront, or other sales channel through which the product is offered in the United States.

18. To aid the Court's understanding, Plaintiffs submit demonstrative, not-to-scale side-by-side figures comparing the '392 Patent figures with photographs of the Accused Products.

19. The Accused Products have four foldable legs around a central tube; however, at each leg the only retention part visible adjacent to the base is a single hinged swivel-hasp plate on one side of the leg. There is no pair of curved parallel plates straddling the leg on opposite sides as required by the asserted claims. The absence of an opposed plate is apparent from the open inner side of each leg. *See* Figure 1.



Figure 1 (Top view—overall layout)

20. The accused leg is riveted to the single hasp plate and co-rotates with that plate; the plate functions as a hinged stop/retainer. The plate surface is smooth and lacks the first/second notches "extending from the curved side into the plate." Any round apertures shown are fastener

holes, not notch seats for a leg pin. Thus, there is no pin-in-notch engagement with two alternative notches as claimed. *See* Figure 2.

| '392 Patent | Accused Products |
|---|---|
|  | |

Figure 2 (Close-up of leg–tube region)

21. Each leg is backed by only one arcuate hasp plate positioned at the base corner, with no matching plate on the opposite side of the same leg and no two-notch selection for a locking position. Because the accused design lacks (i) two curved parallel plates on opposite sides of the leg, (ii) first and second notches on each plate, and (iii) pins engaging those notches, the asserted "locking-folding mechanism" is missing—confirming no infringement of claims 1 and 17 (and any claims premised on that mechanism). *See* Figure 3.

| '392 Patent | Accused Products |
|---|---|

 

Figure 3 (Angle view—mechanism geometry)

**The '392 PATENT**

22. The '392 Patent was filed on October 11, 2022, and issued on September 5, 2023. A true and correct copy of the '392 Patent is attached hereto as **Exhibit A**.

23. The '392 Patent is entitled "Christmas Tree Stand for Artificial Trees" and generally discloses a Christmas tree stand for artificial trees comprising a base, a hollow tubular member, a plurality of locking-folding mechanisms, and a plurality of movable elongated leg members. *See* Exhibit A at Abstract.

24. The '392 Patent has two independent claims and fifteen dependent claims, each claiming a Christmas tree stand for artificial trees.

25. Upon information and belief, Defendant is the inventor and owner of the '392 Patent.

**COUNT I**
**(Declaratory Judgment of Non-Infringement of the '392 Patent)**

26. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

27. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the non-infringement of the '392 Patent by the Accused Products, as evidenced by Defendant's enforcement activities of the '392 Patent against Plaintiffs, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '392 Patent.

28. Plaintiffs do not directly infringe, literally or under the doctrine of equivalents, any claims 1-17 of the '392 Patent. *See* **Exhibit C**.

29. Claim 1 of the '392 Patent recites, inter alia, for each leg of the stand, a "locking-folding mechanism" comprising two curved parallel plates positioned on opposite sides of a respective movable elongated leg, with each plate having first and second notches and the leg having side pins configured to selectively engage those notches to lock the leg in different positions. Plaintiffs' Accused Products instead uses a single hinged swivel-hasp plate mounted to the base; the leg is fastened to that single plate and co-rotates with it. The accused design lacks a second, opposing plate, lacks paired plates that straddle the leg, lacks first/second plate notches, and does not employ pin-in-notch engagement. At least these express limitations are therefore absent, and claim 1 cannot be met under the all-elements rule.

30. Doctrine of Equivalents does not apply. The claimed mechanism achieves locking by selective pin-in-notch seating between two opposed plates yielding discrete notch-defined positions; the accused design achieves retention via a single hinged hasp/stop that operates in a materially different way and structure and produces a different result. Treating a single hasp with no notches as "two curved parallel plates … each having first and second notches" would vitiate multiple express limitations and contravene the all-elements rule

31. Because claim 1 is not infringed, the Accused Products likewise does not infringe dependent claims 2–16, which incorporate the limitations of claim 1. In any event, additional limitations of certain dependent claims (including particular numbers and types of openings/fasteners and their locations) are also absent from the Accused Products. Independent claim 17 likewise is not infringed for the same reasons, as it recites the same two-plate/dual-notch/pin-engagement geometry that the Accused Products lack.

32. Plaintiffs also do not indirectly infringe any claim of the '392 Patent. Plaintiffs have not induced infringement because they have not encouraged, instructed, or intended that any customer practice every element of any asserted claim; Plaintiffs' materials describe only non-infringing uses (e.g., supporting a tree stand structure using a single-plate hasp arrangement and ordinary fasteners). Nor do Plaintiffs contributorily infringe under 35 U.S.C. § 271(c) because the Accused Products is a staple article of commerce with substantial non-infringing uses and is not especially made or adapted for any patented combination.

33. Defendant's baseless complaint has caused, and continues to cause, immediate and irreparable harm to Plaintiffs by causing the Accused Products to be delisted.

34. A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding the non-infringement of the '392 Patent.

35. Plaintiffs seek a declaratory judgment that Plaintiffs' Accused Products does not directly or indirectly infringe the presumably valid one or more claims of the '392 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

36. Plaintiffs are also entitled to recover damages caused by Defendant.

**COUNT II**
**(Declaratory Judgment of Invalidity of the '392 Patent)**

37. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

38. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the '392 Patent, as evidenced by Defendant's enforcement activities of the '392 Patent against Plaintiffs, as set forth above.

39. The claims of the '392 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

40. U.S. Patent No. 6,572,068 (the "'068 Patent"). Filed October 9, 2001 and titled "Tree Stand," the '068 Patent discloses a collapsible tree stand having a hollow base that receives a tree trunk, a plurality of legs pivotally attached to the base, and a locking arrangement. The '068 Patent expressly teaches legs "pivotally operative between" a folded storage position and an extended operative position, and further discloses thumbscrews for securing the trunk. The '068 Patent, alone or in combination with other prior art, anticipates and/or renders obvious one or more claims of the '392 Patent. *See* **Exhibit D**.

41. U.S. Patent No. 3,454,246 (the "'246 Patent"). Filed April 25, 1967 and titled "Christmas Tree Holder and Support," the '246 Patent discloses a holder with a collar surrounding the trunk and pivotally attached legs. It further teaches a support system that "engage[s] the tree trunk at vertically spaced locations," including cam-surfaced engagement near the top of the legs and a separate bracing/engagement at a lower portion of the trunk. In view of this dual-contact bracing with pivoting legs, it would have been obvious to provide a known leg-locking expedient (e.g., pin-and-notch or equivalent) for storage/operation transitions. The '246 Patent, alone or in

combination, anticipates and/or renders obvious one or more claims of the '392 Patent. *See* **Exhibit E**.

42. U.S. Patent No. 6,370,817 (the "'817 Patent"). Filed July 28, 2000 and titled "Tree Bracing System," the '817 Patent discloses support members engaging the trunk, brace members extending to the ground, and adjustable fasteners (e.g., eye bolts/wing nuts) to secure the trunk and provide bracing force transmitted through the legs. In combination with a reference disclosing a folding stand, these teachings render obvious one or more claims of the '392 Patent. *See* **Exhibit F**.

43. U.S. Patent Application Publication No. 2014/0026477 (the "'477 Publication"). Filed July 25, 2012, the '477 Publication describes, at minimum as background, a "standard tree holder" with a substantially circular bucket/base, support legs, and thumb screws adjusted toward the interior to engage and support the trunk—i.e., the fundamental combination of a base, legs, and adjustable trunk-engaging fasteners. Adopting a conventional mechanical locking feature for foldable legs (such as a pin-and-notch or functionally similar mechanism) to this known stand would have been an obvious design choice to a person of ordinary skill in the art. *See* **Exhibit G**.

44. Dependent claims are likewise invalid because they incorporate the limitations of their respective base claims and add only conventional, obvious features (e.g., routine variations in leg geometry, engagement positioning, or commonplace fastener/lock configurations) that are found in, or suggested by, the references identified above, either alone or in combination, and in view of the common knowledge of persons of ordinary skill at the relevant time.

45. A substantial, immediate, and real controversy exists between Plaintiffs and Defendant regarding the validity of the '392 Patent.

46. Plaintiffs seek a declaratory judgment that the claims of the '392 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

47. Plaintiffs are also entitled to recover damages caused by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. For judgment in favor of Plaintiffs against Defendant on all claims.

B. Declaring that Plaintiffs' Accused Products does not infringe any of the claims of the '392 Patent;

C. Declaring that the claims of the '392 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

D. A finding that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

E. Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

F. Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

G. Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages;

H. Awarding pre- and post- judgment interest; and

I. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

Plaintiffs hereby demand a jury trial on all issues so triable.

Respectfully submitted,

| Date: November 1, 2025 | By: /s/ *Ruoting Men* |
| --- | --- |
| | Ruoting Men, Esq. (WSBA No. 63842) |
| | GLACIER LAW LLP |
| | 506 SECOND AVENUE, SUITE 1516 |
| | SEATTLE, WA 98104 |
| | Ruoting.men@glacier.law |
| | Tel: +1 (212)729-5049 |

***Counsel for Plaintiffs***

-13-

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049